**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1543**

DANILO JOSE ENRIQUEZ MEJIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted: March 30, 2021                    Decided: April 16, 2021

Before WILKINSON, KING, and RICHARDSON, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Sam H. Hasan, HASAN LAW GROUP PLLC, Falls Church, Virginia, for Petitioner. Jeffrey Bossert Clark, Acting Assistant Attorney General, Paul Fiorino, Senior Litigation Counsel, Robert Dale Tennyson, Jr., Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danilo Jose Enrique Mejia, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's decision denying his applications for cancellation of removal and withholding of removal. Because the agency denied cancellation of removal as a matter of discretion and Mejia failed to raise any colorable legal or constitutional issues, we lack jurisdiction to consider the claim on appeal. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), (D); *Sorcia v. Holder*, 643 F.3d 117, 124-25 (4th Cir. 2011) (finding no jurisdiction to review discretionary denial of cancellation of removal absent constitutional claim or question of law). As for withholding of removal, Mejia has not challenged the Board's dispositive finding that he failed to meet his burden of proof by sufficiently corroborating his assertion that individuals affiliated with the government would seek to harm him in Nicaragua. *See Mulyani v. Holder,* 771 F.3d 190, 198 (4th Cir. 2014) ("[A]n applicant alleging past persecution must establish either that the government was responsible for the persecution or that it was unable or unwilling to control the persecutors."). He has therefore abandoned on appeal any claims relevant to this dispositive finding. *See* Fed. R. App. P. 28(a)(8)(A); *Suarez-Valenzuela v. Holder*, 714 F.3d 241, 248-49 (4th Cir. 2013).

Accordingly, we dismiss the petition for review for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*

2